In this suit the plaintiff Mrs. W.R. King, joined by her husband, sought judgment against the Town of Pineville, Louisiana, in the principal sum of $1,259.25, for amounts representing sums alleged to be due her for services rendered as Registrar of Vital Statistics during the period between June 1, 1939, and August 27, 1941. There was judgment below for plaintiffs as prayed for, from which judgment defendant has appealed.
There is no dispute about the facts, which are set forth in stipulation of counsel for plaintiffs and defendant. The recitals of the stipulation show that the plaintiff Mrs. W.R. King was duly and legally appointed local Registrar of Vital Statistics in the Town of Pineville, Louisiana, and in Ward 9 of Rapides Parish, which appointment was made on May 30, 1939, and in which capacity she served until August 27, 1941; that during the period set forth plaintiff, as Registrar, properly kept a complete record of births and deaths occurring in the jurisdiction set forth, and furnished records of same to the Bureau of Vital Statistics of the State of Louisiana, in accordance with law; that warrants were issued upon various dates during the period referred to by the Louisiana State Board of Health totaling the sum of $1,259.25, which warrants were drawn on the Treasurer of the Town of Pineville.
The sole defense in this suit is the contention by the defendant municipality that the reports on births and deaths for which *Page 365 
the amount involved is claimed by plaintiff comprehended only a total of 112 separate births and deaths which occurred within the corporate limits, and that the great majority of the reports, in the number of 2,488, represented reports on births and deaths which occurred in charitable institutions, within the corporate limits of the Town of Pineville.
Two large charitable institutions, namely, the Huey P. Long Memorial Hospital and the Central Louisiana State Hospital for the Insane, are located in the Town of Pineville, and defendant claims that the municipality should not be liable for the registration and reports of births and deaths occurring in these State-owned and operated institutions, which have a normal patient population of some 4,000.
Under the provisions of Act No. 257 of 1918, primary registration districts are provided, subject to the right of the State Board of Health to effect combinations of districts, and the method of appointment of local registrars, together with the duties thereof, are fully set forth. Act No. 60 of 1914 establishes a schedule of payments to be made to local registrars for the services rendered, and provides that such payments shall be made by the parish, police jury, or the local municipal treasurer, upon warrants drawn by the President and the Secretary of the State Board of Health in favor of such local registrar.
It is argued on behalf of defendant that liability for payment, if any, is not only upon the Town of Pineville, but, likewise, upon the Police Jury of the Parish of Rapides, and that the town should be cast for only its proportionate part of the obligation. Since the facts definitely show that the births and deaths for which the fees are due occurred within the Town of Pineville, we can see no merit in this argument.
Alternatively, it is claimed on behalf of defendant that if the Town of Pineville is solely responsible to the plaintiff, in any event, it is not responsible for the fees due for reports on the 2,488 births and deaths occurring within state-owned charitable institutions of said town. In support of this contention, reference is made to the provisions of Section 1 of Act No. 248 of 1936, which reads as follows: "Section 1. Be it enacted by the Legislature of Louisiana, That the Superintendent of each hospital and eleemosynary institution shall furnish to the State Board of Health, within ten days after the expiration of every month, a list of all births and deaths in said hospital, or institution; which said list shall be made out on a form to be furnished by said State Board of Health, and shall be signed by the Superintendent of the hospital or institution; and failure to so do, shall be deemed a misdemeanor and shall be punishable by a fine of no less than $5.00 nor more than $25.00."
Defendant advances the theory that the quoted provision of the Act of 1936 shifts responsibility for the filing of certificates of births and deaths with the State Board of Health from the local Registrar to the Superintendent of State Institutions. We do not so interpret the Act, because of the fact that it does not provide for the furnishing of "certificates", but provides simply for the filing of a "list". There is nothing in the provision referred to that eliminates any of the established duties of the local Registrar, nothing that relieves such local Registrar of compliance with the requirements of other Acts.
It is well established, and numerous citations are included in brief of defendant's counsel, that Acts in pari materia should be construed in such manner as to give effect to all parts of each. Certainly, there is nothing in the requirements of Act No. 248 of 1936 that conflicts with the provisions of the other Acts relating to the recording of vital statistics. This being so, we would be going far afield and adopting a strained interpretation were we to hold that the Act of 1936 repealed the very definite and detailed provisions of the Acts of 1914 and 1918.
Counsel for defendant argues diligently that the Legislature could not have intended to impose upon a community of the size of Pineville the financial responsibility of compliance with regulations affecting much greater geographical limits and territory. Regardless of our sympathy for the contention, and our understanding of the burden placed upon the municipality itself, we are bound by the plain provisions of the laws as they exist. Remedial legislation eliminating the inequities arising from these provisions is the only means by which the unjust burden may be relieved.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost. *Page 366